UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAULA ANN WILLIAMS,

       Appellant,

                                      File No. 1:04-CV-07

v.

                                      HON. ROBERT HOLMES BELL

FORD MOTOR CREDIT COMPANY,

       Appellee.

_____/

## ORDER

Paula Ann Williams ("Williams") appeals the bankruptcy court's decision to grant Ford Motor Credit Company ("Ford Credit") relief from the automatic stay in order to obtain possession of a vehicle, which had been the subject of a finance agreement between Williams and Ford Credit. After reviewing the pleadings and documents submitted by the parties and after conducting a hearing, the bankruptcy court concluded that Ford Credit was entitled to relief from the automatic stay.

Pursuant to 11 U.S.C. § 362(d)(1), the court shall grant relief from the automatic stay for cause, including the lack of adequate protection. The decision to grant this relief is within the discretion of the bankruptcy court. Thus, this Court reviews the bankruptcy court's decision to grant relief from the stay for abuse of discretion. *In re Laguna Associates Ltd. Partnership*, 30 F.3d 734, 737 (6th Cir. 1994). A district court must apply a clearly

erroneous test to findings of fact and plenary review to findings of law. *In re Trident Associates Ltd. Partnership,* 52 F.2d 127, 130 (6th Cir. 1995).

On appeal, Williams has failed to raise any relevant legal argument that the bankruptcy court erred. Williams appears to argue that the automatic stay should not have been lifted because she was not offered mediation, a pro bono attorney, or a jury trial. Williams, however, has failed to provide any authority that the bankruptcy court must offer her mediation or a pro bono attorney. In addition, no right to a jury trial exists for core proceedings, such as motions to modify the automatic stay. *See Matter of Zarling*, 85 B.R. 802, 803 (Bankr. E.D. Wis. 1988). Further, even if Williams had been entitled to a jury trial, she waived her right by failing to demand a jury trial pursuant to Rule 38. FED R. CIV. P. Rule 38 (b) and (d). Lastly, Williams does not dispute that she has failed to make the required payments on the vehicle and that the vehicle at issue is subject to continuing depreciation. Williams has failed to raise any issue which undermines the decision of the bankruptcy court. Accordingly,

**IT IS HEREBY ORDERED** that the United States Bankruptcy Court order of November 17, 2003, granting Ford Motor Credit Company relief from the automatic stay, is **AFFIRMED**.

Date:   June 10, 2004            /s/ Robert Holmes Bell
                                 ROBERT HOLMES BELL
                                 CHIEF UNITED STATES DISTRICT JUDGE